IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIANA BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2016 CV 501 |
| v. | ) | |
| | ) | |
| KIRKPATRICK MANAGEMENT CO INC | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, TIANA BENNETT, by and through her Attorney, BRIAN J. GRABER, LTD., and complaining of Defendant, KIRKPATRICK MANAGEMENT CO INC, as follows:

**JURISDICTION AND VENUE**

1. This action is brought against Defendant, KIRKPATRICK MANAGEMENT CO INC, for retaliatory discharge in violation of the Fair Labor Standards Act, 29 U.S.C. §215(a)(3) seeking any and all damages available under 29 U.S.C. §216(d), including back pay, reinstatement or front pay, compensatory damages, punitive damages, equitable relief, attorney's fees, expert witness fees, and litigation costs; retaliatory discharge under Illinois Wage Payment and Collection Act, 820 ILCS 115/14(c) any and all legal and equitable relief as may be appropriate, including any and all costs and attorney's fees; and claims under Illinois common law for retaliatory discharge seeking compensatory and punitive damages.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 as to Plaintiff, TIANA BENNETT'S claims for retaliatory discharge under Fair Labor

1

Standards Act, 29 U.S.C. §215(a)(3) against Defendant, KIRKPATRICK MANAGEMENT CO INC, and 28 U.S.C. §1332 where there is complete diversity of citizenship between Plaintiff and Defendant and Plaintiff's damages exceed $75,000.00, and 42 U.S.C. §1367 as to all claims under Illinois law.

3. At all times mentioned herein, Plaintiff, TIANA BENNETT, is a citizen of the State of Wisconsin, residing in City of Kenosha.

4. At all times mentioned herein, Defendant, KIRKPATRICK MANAGEMENT CO INC, is an Indiana corporation, with its principle place of business located at 5702 Kirkpatrick Way, Indianapolis, Indiana.

5. At all times mentioned herein, there is complete diversity of citizenship between Plaintiff, TIANA BENNETT, and Defendant, KIRKPATRICK MANAGEMENT CO INC, within the meaning of 42 U.S.C. §1332.

6. Venue is proper within this District pursuant to 28 U.S.C. §1391(b)(2) where a substantial amount of the improper employment practices occurred in the Northern District of Illinois, Eastern Division at office located at 1700 C. Barrett Court, in North Chicago, Lake County, Illinois.

## PARTIES

7. At all times mentioned herein, Defendant, KIRKPATRICK MANAGEMENT CO INC, is an enterprise engaged in commerce in the industry of property management with properties throughout Illinois, Indiana, Kentucky, Michigan, and Ohio with over 240 employees managing more than 200 communities and over 30,000 housing units including the financing, marketing, and leasing of Section 8 and HUD and otherwise involved in trade and communication among several States.

8. At all times mentioned herein, Defendant, KIRKPATRICK MANAGEMENT CO INC, is an enterprise whose annual gross volume of business done is not less than $500,000.00 within the meaning of 29 U.S.C. §203(s)(1)(A)(ii).

9. At all times mentioned herein, Plaintiff, TIANA BENNETT, was an employee of Defendant, KIRKPATRICK MANAGEMENT CO INC, engaged in the commerce within the meaning of 29 U.S.C. §207(a)(1) in the industry of property management of Section 8 and HUD at Defendant's property located at 1700 C. Barrett Court, North Chicago, Lake County, Illinois.

11. At all times mentioned herein, Defendant, KIRKPATRICK MANAGEMENT CO INC, employed Plaintiff, TIANA BENNETT, as an occupancy specialist paying her an hourly wage of $17.00 per hour at its Section 8 and HUD property located at 1700 C. Barrett Court, North Chicago, Lake County, Illinois.

12. At all times mentioned herein, Defendant, KIRKPATRICK MANAGEMENT CO INC, was an "employer" as the term is defined by Fair Labor Standards Act, 29 U.S.C. §203(d) and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2, employing Plaintiff, TIANA BENNETT, as an occupancy specialist paying her an hourly wage of $17.00 per hour with authority to determine her rate and method of pay, compensate her for her hours worked, to control her working conditions, discipline, and terminate her employment.

13. At all times mentioned herein, Defendant, KIRKPATRICK MANAGEMENT CO INC, were employers covered by Fair Labor Standards Act, 29 U.S.C. §201, et seq., Illinois Minimum Wage Law, 820 ILCS 105/1, et seq., and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq.

**ALLEGATIONS COMMON TO ALL CUASES OF ACTION**

14. At all times mentioned herein, Defendant, KIRKPATRICK MANAGEMENT CO INC, acting through its management agents, including but not limited to Rob Kirkpatrick, Susie Holiday, and Natalie Mabbitt, had the authority to discipline and terminate the employment of Plaintiff, TIANA BENNETT.

15. At all times mentioned herein, Defendant, KIRKPATRICK MANAGEMENT CO INC, acting through its management employee, Stefanie Graves, had authority over the terms of conditions of Plaintiff, TIANA BENNETT's employment and could give her orders, assign tasks or work, direct the performance, and give her directions at the management office located in Illinois.

16. On or about October 2, 2015, Plaintiff, TIANA BENNETT, reasonably and honestly believed her paycheck issued by Defendant, KIRKPATRICK MANAGEMENT CO INC, for September 21-25, 2015, showing only 73.75 hours was short.

17. On or about October 2, 2015, Plaintiff, TIANA BENNETT, engaged in protected activity under 29 U.S.C. §215(a)(3) and 825 ILCS 115/14(c) by sending emails to Defendant, KIRKPATRICK MANAGEMENT CO INC's agent, Susie Holiday, with copies to Rob Kirkpatrick, and Natalie Mabbitt, complaining that she was shorted hours from her paycheck some of which should have been overtime.

18. On October 2, 2015, Defendant, KIRKPATRICK MANAGEMENT CO INC, acting through its regional property manager, Natalie Mabbitt, sent Plaintiff, TIANA BENNETT, an email with copies to Rob Kirkpatrick, and Susie Holiday,

demanding to know how hours were missing and further berating Plaintiff, TIANA BENNETT, for working overtime.

19. On October 2, 2015, Defendant, KIRKPATRICK MANAGEMENT CO INC, acting through its regional manager, Natalie Mabbitt, sent Plaintiff, TIANA BENNETT, an email acknowledging Plaintiff, TIANA BENNETT'S paycheck for 73.75 hours should have been 80.15 hours and promising to pay those missing hours on the next paycheck, but refused to pay Plaintiff, TIANA BENNETT, overtime.

20. On October 2, 2015, Defendant, KIRKPATRICK MANAGEMENT CO INC, acting through its management employees, including but not limited to Natalie Mabbitt, Rob Kirkpatrick, and Susie Holiday and each of them, began making plans to terminate Plaintiff, TIANA BENNETT, for complaining about unpaid overtime and unpaid wages.

21. After October 2, 2015, Defendant, KIRKPATRICK MANAGEMENT CO INC, acting through its regional manager, Natalie Mabbitt, began emailing Stefanie Graves resumes of persons to replace Plaintiff, TIANA BENNETT.

22. On or about October 15, 2015, Plaintiff, TIANA BENNETT, was informed by Defendant, KIRKPATRICK MANAGEMENT CO INC's management employee, Stefanie Graves, that Natalie Mabbitt, was angry with Plaintiff, TIANA BENNETT, about the October 2, 2015, emails complaining about unpaid wages and overtime and was looking to terminate Plaintiff.

23. Defendant, KIRKPATRICK MANAGEMENT CO INC, acting through its management employee, Rob Kirkpatrick, made a decision to terminate Plaintiff, TIANA BENNETT'S employment as an occupancy specialist.

5

24. Defendant, KIRKPATRICK MANAGEMENT CO INC, acting through its management employee, Natalie Mabbitt, made a decision to terminate Plaintiff, TIANA BENNETT'S employment as an occupancy specialist.

25. Defendant, KIRKPATRICK MANAGEMENT CO INC, acting through its management employee, Susie Holiday made a decision to terminate Plaintiff, TIANA BENNETT'S employment as an occupancy specialist.

26. On or about October 30, 2015, Defendant, KIRKPATRICK MANAGEMENT CO INC, acting through its regional manager, Natalie Mabbitt, called Plaintiff, TIANA BENNETT, into an office located at 1700 C. Barrett Court, in North Chicago, Lake County, Illinois.

27. On or about October 30, 2015, Defendant, KIRKPATRICK MANAGEMENT CO INC, acting through its regional manager, Natalie Mabbitt, terminated Plaintiff, TIANA BENNETT'S employment as an occupancy specialist.

28. On or about October 30, 2015, Defendant, KIRKPATRICK MANAGEMENT CO INC, acting through its management employees, Rob Kirkpatrick, Susie Holiday, and/or Natalie Mabbitt, took tangible adverse employment action against, Plaintiff, TIANA BENNETT, by terminating her employment for complaining about unpaid wages and overtime wages.

## COUNT I

## KIRKPATRICK MANAGEMENT CO INC

## FAIR LABOR STANDARDS ACT

## RETALIATORY DISCHARGE

NOW COMES the Plaintiff, TIANA BENNETT, by and through her Attorney, BRIAN J. GRABER, LTD., complaining of Defendant, KIRKPATRICK MANAGEMENT CO INC, terminating her employment in violation of the Fair Labor Standards Act, 29 U.S.C. §215(a)(3), and in support thereof, states as follows:

1-28. Plaintiff, TIANA BENNETT, re-alleges paragraphs 1 through 28 as paragraphs 1-28 of Count I.

29. At all times mentioned herein, it was a violation of 29 U.S.C. §215(a)(3) for Defendant, KIRKPATRICK MANAGEMENT CO INC, to discharge or in any manner discriminate against Plaintiff, TIANA BENNETT, because she filed a complaint or instituted or caused to be instituted any proceeding regarding unpaid overtime wages.

30. On or about October 2, 2015, Plaintiff, TIANA BENNETT, engaged in protected activity under 29 U.S.C. §215(a)(3) by sending emails to Defendant, KIRKPATRICK MANAGEMENT CO INC's management employees, Rob Kirkpatrick, Natalie Mabbitt, and Susie Holiday, complaining about unpaid overtime wages missing from her paycheck.

31. On October 30, 2015, Defendant, KIRKPATRICK MANAGEMENT CO INC, terminated Plaintiff, TIANA BENNETT, because she sent an email complaining to Defendant, KIRKPATRICK MANAGEMENT CO INC'S management employees about

7

unpaid overtime and seeking her unpaid overtime wages in violation of 29 U.S.C. §215(a)(3).

32. As a direct and proximate cause of Defendant, KIRKPATRICK MANAGEMENT CO INC'S violation of 29 U.S.C. §215(a)(3) by terminating Plaintiff, TIANA BENNETT'S employment, the Plaintiff suffered lost wages and benefits, emotional distress, mental anguish, inconvenience, embarrassment, humiliation, loss of self esteem, depression, sleeplessness over her future, lost future earnings, and other non-pecuniary losses and compensatory damages.

33. Pursuant to 29 U.S.C. §216(b), Defendant, KIRKPATRICK MANAGEMENT CO INC, is liable to Plaintiff, TIANA BENNETT, for its unlawful violation of 29 U.S.C. §215(a)(3) for such legal or equitable relief as may be appropriate to effectuate the purposes of 29 U.S.C. §215(a)(3), including without limitation reinstatement, payment of wages lost, compensatory damages, liquidated damages, punitive damages, attorney's fees, and litigation costs.

34. Pursuant to 29 U.S.C. §216(b), Plaintiff TIANA BENNETT, seeks damages from Defendant, KIRKPATRICK MANAGEMENT CO INC, for her lost wages and benefits, reinstatement or front pay, equitable relief, emotional distress damages, mental anguish, inconvenience, embarrassment, loss of self esteem, depression, and sleeplessness over her future, lost future earnings, and other non-pecuniary losses and compensatory damages with interest and attorney's fees and litigation costs.

35. Defendant, KIRKPATRICK MANAGEMENT CO INC, maliciously and in reckless disregard for Plaintiff, TIANA BENNETT'S rights to seek unpaid overtime, terminated her employment in violation of 29 U.S.C. §215(a)(3), and Plaintiff, TIANA

BENNETT, seeks an award of punitive damages against Defendant, KIRKPATRICK MANAGEMENT CO INC.

WHEREFORE the Plaintiff, TIANA BENNETT, seeks judgment against Defendant, KIRKPATRICK MANAGEMENT CO INC, in excess of One Million Dollars ($1,000,000.00) pursuant to 42 U.S.C. §216(b) for lost wages and benefits, reinstatement or front pay, equitable relief, interest, emotional distress, mental anguish, inconvenience, embarrassment, humiliation, loss of self esteem, depression, sleeplessness over her future, lost future earnings and benefits, and other non-pecuniary losses and compensatory damages, punitive damages, attorney's fees, and litigation costs.

## COUNT II
## KIRKPATRICK MANAGEMENT CO INC
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT
## RETALIATORY DISCHARGE

NOW COMES the Plaintiff, TIANA BENNETT, by and through her Attorney, BRIAN J. GRABER, LTD., and complains of Defendant, KIRKPATRICK MANAGEMENT CO INC, terminated her employment in violation of Illinois Wage Payment and Collection Act, 820 ILCS 115/14(c), and in support thereof, states as follows:

1-28. Plaintiff, TIANA BENNETT, re-alleges paragraphs 1 through 28 as paragraphs 1-28 of Count II.

29. At all times mentioned herein, Defendant, KIRKPATRICK MANAGEMENT CO INC, was an Illinois employer operating a management office located at 11700 C. Barrett Court, North Chicago, Lake County, Illinois, and employing

9

Plaintiff, TIANA BENNETT, and other persons to work out of that Illinois office managing its Section 8 and HUD properties at that location.

30. At all times mentioned herein, Defendant, KIRKPATRICK MANAGEMENT CO INC, employed Plaintiff, TIANA BENNETT, as a occupancy specialist, requiring her to be physically present and perform most of her duties at its management office located at 11700 C. Barrett Court, North Chicago, Lake County, Illinois.

31. At all times mentioned herein, it was a violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/14(c) for Defendant, KIRKPATRICK MANAGEMENT CO INC, to retaliate against Plaintiff, TIANA BENNET, for complaining about unpaid wages by terminating her employment.

32. On or about October 2, 2015, Plaintiff, TIANA BENNETT, reasonably and honestly believed she was owed unpaid wages.

33. On or about October 2, 2015, Plaintiff, TIANA BENNETT, engaged in protected activity under 820 ILCS 115/14(c) by sending emails to Defendant, KIRKPATRICK MANAGEMENT CO INC's management employees, Rob Kirkpatrick, Natalie Mabbitt, and Susie Holiday, complaining about unpaid wages missing from her paycheck.

34. On October 30, 2015, Defendant, KIRKPATRICK MANAGEMENT CO INC, terminated Plaintiff, TIANA BENNETT, because she sent an email complaining to Defendant, KIRKPATRICK MANAGEMENT CO INC'S management employees about unpaid wages in violation of 820 ILCS 115/14(c).

35. As a direct and proximate cause of Defendant, KIRKPATRICK MANAGEMENT CO INC'S violation of 820 ILCS 115/14(c) by terminating Plaintiff, TIANA BENNETT'S employment, the Plaintiff suffered lost wages and benefits, emotional distress, mental anguish, inconvenience, embarrassment, humiliation, loss of self esteem, depression, sleeplessness over her future, lost future earnings, and other non-pecuniary losses and compensatory damages.

36. Pursuant to 820 ILCS 115/14(c), Defendant, KIRKPATRICK MANAGEMENT CO INC, is liable to Plaintiff, TIANA BENNETT, in a civil action for all legal and equitable relief as may be appropriate and for all costs and attorney's fees.

37. Pursuant to 820 ILCS 115/14(c), Plaintiff TIANA BENNETT, seeks damages from Defendant, KIRKPATRICK MANAGEMENT CO INC, for her lost wages and benefits, reinstatement or front pay, equitable relief, emotional distress damages, mental anguish, inconvenience, embarrassment, loss of self esteem, depression, and sleeplessness over her future, lost future earnings, and other non-pecuniary losses and compensatory damages with interest and attorney's fees and litigation costs.

WHEREFORE the Plaintiff, TIANA BENNETT, seeks judgment against Defendant, KIRKPATRICK MANAGEMENT CO INC, in excess of Five Hundred Thousand Dollars ($500,000.00) pursuant to 820 ILCS 115/14(c) for lost wages and benefits, reinstatement or front pay, equitable relief, interest, emotional distress, mental anguish, inconvenience, embarrassment, humiliation, loss of self esteem, depression, sleeplessness over her future, lost future earnings and benefits, and other non-pecuniary losses and compensatory damages, attorney's fees, and litigation costs.

## COUNT III

## KIRKPATRICK MANAGEMENT CO INC

## ILLINOIS COMMON LAW RETALIATORY DISCHARGE

NOW COMES the Plaintiff, TIANA BENNETT, by and through her Attorney, BRIAN J. GRABER, LTD., and complains of Defendant, KIRKPATRICK MANAGEMENT CO INC, terminated her employment in violation of Illinois public policy and in support thereof, Plaintiff states as follows:

1-28. Plaintiff, TIANA BENNETT, re-alleges paragraphs 1 through 28 as paragraphs 1-28 of Count III.

29. At all times mentioned herein, Illinois had a clearly mandated public policy favoring exposure of crime or whistle-blowing and/or exposing illegal activities. See Palmateer v. International Harvester Co., 85 Ill.2d 124 (1981); Mackie v. Vaughn Chapter-Paralyzed Veterans of Am., 354 Ill.App.3d 731 (1st Dist. 2004).

30. At all times mentioned herein, it was a crime and a violation of public policy under 29 U.S.C. §216 for Defendant, KIRKPATRICK MANAGEMENT CO INC, acting through its officers and management employees to refuse to pay Plaintiff, TIANA BENNETT, overtime.

31. At all times mentioned herein, it was a crime and a violation of public policy under Illinois Minimum Wage Law, 820 ILCS 105/11 for Defendant, KIRKPATRICK MANAGEMENT CO INC, to refuse to pay Plaintiff, TIANA BENNETT, overtime and terminate Plaintiff, TIANA BENNETT, for making a complaint about unpaid overtime wages.

32. At all times mentioned herein, it was a crime and a violation of public policy under the Illinois Wage Payment and Collection Act, 820 ILCS 115/14(a-5) for Defendant, KIRKPATRICK MANAGEMENT CO INC, willfully refuse to pay wages of falsely deny the amount or validity of the amount due with the intent to annoy, harass, hinder, delay or defraud the person to whom such indebtedness is due.

33. At all times mentioned herein, Defendant, KIRKPATRICK MANAGEMENT CO INC, acting through its management employees, including but not limited to Rob Kirkpatrick, Natalie Mabbitt, and Susie Holiday, and each of them, were aware that Plaintiff, TIANA BENNETT, internally reported facts to Defendant, KIRKPATRICK MANAGEMENT CO INC, that it was in violation Fair Labor Standards Act, Illinois Minimum Wage Law, and Illinois Wage Payment and Collection Act by not paying her earned wages and unpaid overtime wages.

34. On or about October 30, 2015, Defendant, KIRKPATRICK MANAGEMENT CO INC, terminated Plaintiff, TIANA BENNETT'S employment with Defendant, KIRKPATRICK MANAGEMENT CO INC, because she internally reported their illegal conduct in violation of the Fair Labor Standards Act, Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act in violation of public policy.

35. As a direct and proximate cause of Defendant, KIRKPATRICK MANAGEMENT CO INC'S termination of Plaintiff, TIANA BENNETT'S employment in violation of public policy, Plaintiff, TIANA BENNETT, suffered lost wages and benefits, emotional distress, mental anguish, inconvenience, embarrassment, humiliation, loss of self esteem, depression and sleeplessness over her future, lost future earnings, and other non-pecuniary losses and compensatory damages.

36. As a direct and proximate cause of Defendant, KIRKPATRICK MANAGEMENT CO INC'S termination of Plaintiff, TIANA BENNETT'S employment in violation of public policy, Plaintiff, TIANA BENNETT, seeks damages from Defendant, KIRKPATRICK MANAGEMENT CO INC, for lost wages and benefits, emotional distress, mental anguish, inconvenience, embarrassment, humiliation, loss of self-esteem, depression and sleeplessness over her future, lost future earnings, and other non-pecuniary losses and compensatory damages.

37. Defendant, KIRKPATRICK MANAGEMENT CO INC, intentionally and recklessly terminated Plaintiff, TIANA BENNETT'S employment in violation of public policy and Plaintiff, TIANA BENNETT, seeks an award of punitive damages against Defendant, KIRKPATRICK MANAGEMENT CO INC.

WHEREFORE Plaintiff, TIANA BENNETT, seeks judgment against Defendant, KIRKPATRICK MANAGEMENT CO INC, in excess of One Million Dollars ($1,000,000.00) for lost wages and benefits, lost future earnings, emotional distress, mental anguish, inconvenience, embarrassment, humiliation, loss of self-esteem, depression, and sleeplessness over her future, and other non-pecuniary losses and compensatory damages, punitive damages, and any and all costs allowed by law.

### IV. JURY DEMAND

Plaintiff, TIANA BENNETT, demands trial by jury on all issues in this action.

                                                                                  /s/ Brian J. Graber\_\_\_
                                                                                     Attorney for Plaintiff

Brian J. Graber
BRIAN J. GRABER, LTD.
Attorney for Plaintiff, Tiana Bennett
150 N. Michigan Avenue
Suite 2800
Chicago, IL 60601
(312) 291-4648
FAX (312) 854-2877
Email: graberlaw1973@gmail.com