I:\52213\MSJ.wpd/KWD/RAD/amv

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIANA BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 2016 CV 501 |
| | ) | |
| KIRKPATRICK MANAGEMENT | ) | |
| CO., INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT, KIRKPATRICK MANAGEMENT COMPANY, INC.'S
MOTION FOR SUMMARY JUDGMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 56**

NOW COMES the Defendant, KIRKPATRICK MANAGEMENT COMPANY, INC. ("KIRKPATRICK"), by and through its attorneys, DOHERTY & PROGAR LLC, and in support of their Motion for Summary Judgment pursuant to Federal Rule of Civil of Procedure 56, states as follows:

**I. Introduction**

In her Complaint at Law, Plaintiff has alleged three counts of retaliatory discharge against KIRKPATRICK relating to her employment in 2015. Essentially, Plaintiff has alleged that she complained about overtime that she claimed she was owed and that as a result of these complaints, her employment was terminated. As a matter of law, the statements made by Plaintiff to KIRKPATRICK were insufficient to notify KIRKPATRICK that she was asserting her rights under the FLSA and therefore Defendant is entitled to summary judgment as to Count I. With respect to Counts II and III, no cause of action exists for a retaliatory discharge under the IWPCA, nor does a cause of action under a "common law" theory of retaliatory discharge exist

under either the IWPCA or FLSA. As result, Defendant is entitled to summary judgment, as a matter of law.

## II. Argument

### A. Standard

Summary judgment is appropriate if, construing all facts and drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F. 3d 561, 564 (7th Cir. 2012). A genuine issue of material fact exists only if there is evidence to permit a jury to return a verdict for the non-moving party. *Carroll* at 564. Rule 56(a) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

### B. Plaintiff did not assert a legal right to overtime pay and therefore is not entitled to allege retaliatory discharge under the FLSA.

In her Complaint, Plaintiff identifies e-mails sent on or about October 2, 2015 in which she allegedly "complained about unpaid overtime wages missing from her paycheck." (See Complaint, ¶30 attached as Exhibit A). Plaintiff goes on to allege that she was terminated because of these e-mails "about unpaid overtime and seeking her unpaid overtime wages in violation of 29 U.S.C. 215(a)(3)."

Please find attached as Exhibit B the e-mail chain between Plaintiff and Defendant as identified in Plaintiff's Complaint as well as an affidavit from Natalie Mabbitt confirming the authenticity of the October 2, 2015 e-mails attached as Exhibit C. In order for a plaintiff to sufficiently allege retaliatory discharge pursuant to the FLSA, a plaintiff's complaint must be sufficient to notify a reasonable employer that she was asserting her rights under the FLSA; general complaints about wages and/or hours are insufficient. *Cotto v. John C. Bonwicz, P.C.*, 2015 WL 3609167 (N.D. Ill. 2015). Such a complaint must be framed "in terms of potential illegality." *Id.* That is, the statements by a plaintiff must suggest to a reasonable employer that a plaintiff was asserting a *legal right* to overtime pay (emphasis is in original). *Id.* Not all "abstract grumblings" or vague expressions of discontent are actionable as complaints. *Id.*

In the *Cotto* case, that plaintiff stated that he deserved a raise because he was working longer hours and he wanted to be paid hourly. In *Cotto*, this Court found that no reasonable jury could find that the complaints that plaintiff made involved protected activity under the FLSA and therefore granted the defendant's motion for summary judgment with respect to the allegations concerning retaliatory discharge pursuant to the FLSA.

In this case, as laid out in the e-mails sent and received by Plaintiff in this case, Plaintiff was merely asking to be paid for hours she believed she was owed. There are no statements or allusions made by Plaintiff which could be construed in any way as notice to KIRKPATRICK that Plaintiff was asserting any rights under any law, let alone the FLSA. As in *Cotto*, Defendant believes that no reasonable jury could find that Plaintiff's statements as contained within the

3

e-mails she claims provide the foundation for her claims constitute protected activity under the FLSA. Therefore, this Defendant is entitled to summary judgment as a matter of law with respect to Count I.

    **C.    No cause of action exists for retaliatory discharge under the Illinois Wage Payment and Collection Act.**

In Count II, Plaintiff incorporates her allegations with respect to the e-mails sent on October 2, 2015, but alleges retaliatory discharge pursuant to the Illinois Wage Payment and Collection Act. The tort of retaliatory discharge does not apply to a discharge for allegedly exercising rights guaranteed by the Illinois Wage Payment and Collection Act. *McGrath v. CCC Information Services, Inc.*, 314 Ill. App. 3d 431 (1st Dist. 2000). The Illinois Wage Payment and Collection Act does not contain an implied civil remedy for damages due to retaliatory discharge; a private action for retaliatory discharge is not necessary to provide an adequate remedy for discharging an employee who attempts enforce her rights under the IWPCA, but rather, criminal penalties, which carry the possibility of a jail term and/or a monetary fine, adequately safeguard the purposes of the IWPCA and will adequately deter persons from acting in retaliation. *Id.* In light of the *McGrath* decision, Plaintiff may not allege retaliatory discharge pursuant to the Illinois Wage Payment and Collection Act. As a result, this Defendant is entitled summary judgment as a matter of law with respect to Count II.

    **D.    No common law cause of action for retaliatory discharge exists under the IWPCA or FLSA.**

In Count III, Plaintiff again re-alleges the same putative facts with respect to the October 2, 2015 e-mails, but in Count III alleges a cause of action for retaliatory discharge under common law, and more specifically under the Illinois Wage Payment and Collection Act. (See Complaint,

¶32). In *Trochuck v. Patterson Companies, Inc.*, 851 F. Supp. 2d 147 (S.D. Ill. 2012), the court found that under Illinois law, the tort of retaliatory discharge does not extend to violations of the Illinois Wage Payment and Collection Act. In *Trochuck*, the court specifically addressed whether a plaintiff could allege common law retaliatory discharge under the IWPCA and held that the complaint failed to state a claim upon which relief could be granted.

Though Plaintiff couches Count III and its allegations with respect to common law retaliatory discharge strictly under the IWPCA, this Defendant must note that no common law cause of action for retaliatory discharge exists under the FLSA, either. In *Jarmoc v. Consolidated Electric Distributors, Inc.*, 1992 WL 211511 (N.D. Ill. 1992), this Court held that the FLSA provides an effective alternative remedy to deter employers from discharging employees who complain about a failure to pay overtime wages, thus eliminating the need for a common law retaliatory discharge claim. As a result, under no circumstances may Plaintiff claim a "common law" cause of action for retaliatory discharge under either the IWPCA or FLSA.

**III. Conclusion**

In light of the foregoing, given the fact that no reasonable jury could find that Plaintiff's statements to KIRKPATRICK constitute adequate complaints under Section 215, because no cause of action exists for retaliatory discharge under the IWPCA nor does a cause of action exists for a "common law" cause of action for retaliatory discharge under the IWCPA or the FLSA, KIRKPATRICK is entitled to summary judgment as a matter law.

WHEREFORE, this Defendant KIRKPATRICK MANAGEMENT COMPANY, INC. requests that this Honorable Court enter an Order granting summary judgment on behalf of KIRKPATRICK MANAGEMENT COMPANY, INC. and for any further relief this court deems just and equitable.

                Respectfully submitted,

                KIRKPATRICK MANAGEMENT COMPANY, INC.

                By:   /s/ Ryan A. Danahey
                      Ryan A. Danahey
                      One of its attorneys

Kevin W. Doherty (ARDC# 3128844)
Ryan A. Danahey (ARDC# 6281715)
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
(312) 630-9630
(312) 630-9001 - Fax

## CERTIFICATE OF SERVICE

      I hereby certify that on **March 14, 2016**, I electronically filed with the Clerk of Court **Defendant, Kirkpatrick Management Company, Inc.'s Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56**, by using the CM/ECF system which will send notification of such filing to the following:

Brian J. Graber, Esq.
Brian J. Graber, Ltd.
150 North Michigan Avenue, Suite 2800
Chicago, IL 60601
(312) 291-4648
(312) 854-2877 - Fax
E-mail: graberlaw1973@gmail.com
***Attorneys for Plaintiff***


                                                                            /s/ Ryan A. Danahey

Kevin W. Doherty (ARDC No.: 3128844)
Ryan A. Danahey (ARDC No.: 6281715)
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
(312) 630-9630
(312) 630-9001 (fax)
*kwd@doherty-progar.com*
*rad@doherty-progar.com*